PEOPLE ex rel. MULLEN v. SHEFFIELD et al.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

MANDAMUS TO BOARD OF FIRE COMMISSIONERS.

The relator, an honorably discharged veteran, passed a civil service examination for promotion in the New York City fire department, and secured a rating entitling him to a place on the eligible list, and to certification to the board of fire commissioners. By mistake, his name was omitted from the list, and the commissioners, acting upon the names actually certified, appointed persons therefrom to fill all existing vacancies. Upon appeal from an order denying a motion for a peremptory writ of mandamus, commanding the fire commissioners to cancel the actual appointments, and to appoint the relator, to which proceeding neither the appointees nor the civil service commissioners were parties, *held*, that while, upon a proper proceeding, the title of the appointees to their positions could be judicially investigated, and, if not well founded, the holders could be ousted in order that a proper appointment might be made, yet the motion under consideration was properly denied.

Appeal from special term.

Application by the people, on the relation of John Mullen, against James R. Sheffield and others, fire commissioners. From an order denying motion for a peremptory writ commanding the fire commissioners of New York City to cancel the appointments of certain foremen, and to appoint relator an assistant foreman, in which neither the persons whose removal was sought nor the civil service commissioners were made parties, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George N. Messiter, for appellant.
William L. Findley, for respondents.

INGRAHAM, J. The relator applied to the court for a peremptory writ of mandamus commanding the fire commissioners of the city of New York to cancel the appointments of certain assistant foremen in the fire department in the city of New York, "and to

appoint this relator as assistant foreman in said department." From the affidavits upon this application it appeared that the New York City civil service board held an examination of applicants for promotion in the fire department, on February 20, 1896, under the rules of the board, and on the 28th and 30th days of March, 1896; and that, as a result of such examination, the relator received a rating of 82.42 per cent. The civil service board, in making up an eligible list, for these appointments, did not place the relator upon such list, although it would appear from the facts stated that the relator was entitled to have his name placed thereupon. Under regulation 16 of the civil service, with reference to promotions in the uniform force of the fire department, it is provided that whenever a vacancy shall occur within any grade in certain schedules specified, which, in the opinion of the appointing officer, shall be filled, such appointing officer shall notify the secretary of the New York civil service board of such vacancy, and that the secretary thereupon shall certify to the appointing officer, for promotion from the eligible list, the three persons having the highest standing, indicating such of them, if any, as have been honorably discharged from the military or naval service of the United States in the late war. It appears that on January 3, 1896, there existed in the uniform force of the fire department 10 vacancies in the rank of assistant foremen, which, in the opinion of the board of fire commissioners, the public business required to be filled; that on that day the board of fire commissioners made a requisition upon the board of civil service commissioners for a list from which to select 10 assistant foremen; that on March 14, 1896, 12 names were certified to the department by the board of civil service commissioners, from which to make such selections; that the name of John Mullen, the relator herein, did not appear upon said list; and that the said eligible list remained with the fire commissioners without action from March 14, 1896, until April 13, 1896, when the persons whose names appeared upon said list were duly promoted by the board of fire commissioners, to fill all vacancies then existing in the rank of assistant foremen. It further appeared from the affidavit of the relator that on April 21, 1896, he was placed upon the eligible list for promotion. His name, however, has not been certified to the fire commissioners by the board of civil service commissioners as eligible for the appointment which he now seeks to obtain. The relator insisted that these officers, thus appointed on April 13, 1896, and whose appointments then became operative, should be displaced so that the relator could be appointed to one of the positions named.

The respondents upon this appeal had duly complied with the law, had notified the secretary of the civil service board of the vacancies to be filled, and had received from such board a list of those eligible to fill such positions. Acting upon that information from the board, the respondents appointed those specified by the board as eligible for the positions. Those persons thus appointed became members of the uniform force of the fire department in the positions to which they were appointed, and could only be removed from such positions as provided for by section 440 of the consolidation act (chapter 410

of the Laws of 1882). It is there provided that officers and members of the uniform force shall be removable only after written charges shall have been preferred against them, after the charges have been publicly examined into upon such reasonable notice to the person charged, and in such manner of examination as the rules and regulations of the board of fire commissioners may prescribe. No written charges have been preferred against any of these officers mentioned by the relator, and the board of fire commissioners had no power to remove them, except upon a conviction after a trial had upon such written charges. If the appointments by the board of fire commissioners were legal, it would seem that the board had no power to remove them from office; and, as there were no vacancies in the grade to which the relator sought to be appointed at the time this proceeding was commenced, it would follow that the court below was not authorized by mandamus to require the board to do what they were expressly prohibited by law from doing,—that is, remove those regularly appointed to the positions that they occupied, without a conviction upon written charges after a trial. Under the civil service law, the appointing power is compelled to act upon the report of the board of civil service commissioners as to the rating of those examined by it, and to accept from those certified by the board the persons entitled to the appointments or promotions. When such a report is made by the proper board to the appointing officer, and such appointing officer acts upon such report, the appointment then becomes a valid appointment, and the person appointed becomes vested with the office to which he has been appointed. It is quite apparent that it would destroy the whole system of competitive examinations if the appointing officer would have a right to go beyond the report of the board, and to refuse to accept it, on the ground that the eligible list, as presented by those upon whom the responsibility rests of determining who should be upon such eligible list, had not complied with the provisions of the statute in making up such list. As to the provisions of the constitution, and the statute as to the preference to be given to veterans of the war, it is a question which must be submitted to and determined by the authorities vested with the duty of examining the applicants and the preparation of the eligible list. If, in the preparation of such a list, the right of any applicant for office is not protected, his remedy is against the civil service board for a correction of the list prepared by them; but, when the appointing officers have acted upon the action of the board in preparing and submitting a list of those eligible for appointment, that action is valid, and the appointment of a person, as determined by the civil service board as the one entitled to the office, vests the person appointed to the office with a good title thereto. This principle appears to have been recognized and acted upon by the court of appeals in Re Keymer, 148 N. Y. 225, 42 N. E. 667, where it is said:

"It seems to us clear that this section of the constitution, read according to its letter and spirit, contemplated that in all examinations, competitive and noncompetitive, the veterans of the civil war have no preference over other citizens of the state, but when, as a result of those examinations, a list is made up

from which appointments and promotions can be made, consisting of those whose merit and fitness have been duly ascertained, then the veteran is entitled to preference, without regard to his standing on that list."

We think, therefore, that the action of the respondents in acting upon the list sent to them by the civil service commissioners on April 13, 1896, was valid, and vested the officers appointed with the title to their office, from which they could only be removed as required by law; and the subsequent rectification of that list on April 21, 1896, after those appointments had become valid, could not have the effect of making the appointments void, and the officers appointed could only be removed as required by law.

It follows that the order appealed from was right, and it is affirmed, with costs.

PATTERSON, J., concurs.

VAN BRUNT, P. J.　While concurring in the conclusion arrived at by Mr. Justice INGRAHAM in respect to this application, we do not think that the relator is absolutely remediless, nor that, by the mistake of the civil service commissioners, the persons who have been improperly appointed because of such mistake by the fire commissioners have an indefeasible title to their position.　We are of opinion that, in a proper proceeding brought for that purpose, their title to the position could be judicially investigated; and, if found not to be resting upon a proper foundation, the holders of the position could be ousted therefrom, in order that a proper appointment may be made.

WILLIAMS and O'BRIEN, JJ., concur.