(110 App. Div. 564.)

### BURKE v. HOLTZMANN.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. MUNICIPAL CORPORATIONS—EMPLOYÉS—CIVIL SERVICE REGULATIONS—NECESSITY OF EXAMINATION.

    Const. art. 5, § 9, requires appointments in the civil service to be made according to merit, ascertained by examination. Civil Service Law, Laws 1899, p. 798, c. 370, § 9, provides that for employment as a laborer in the state civil service no examination shall be required. Section 10 (page 799) requires the mayors of cities to appoint civil service commissions to provide for appointments in the classified service, and for the registration and selection of laborers. Section 11 (page 801) divides the classified service into four classes, the last of which is the labor class. Section 17 (page 805) provides that vacancies in the labor class in cities shall be filled by appointment from lists of applicants registered by municipal commissions, and requires preference in employment to be given according to date of application. That section also authorizes civil service commissions to require an applicant for registration for the labor service to furnish such evidence or pass such examination as they deem proper with respect to his qualifications. Section 20 (page 808) requires a preference to be given to veterans of the Civil War. The civil service rules of a certain city provide for the registration of laborers, who produce satisfactory evidence of their capacity, in the order of their application, and require the appointing officer to notify the civil service commission whenever laborers are required. They further require applicants for registration for the labor service to furnish such evidence as to their fitness or pass such examination as may be deemed proper by the

commission. *Held*, that the civil service commission of the city in question may accept the indorsement of two citizens and of the superintendent of streets as sufficient evidence of the qualifications of an applicant for a position as a laborer, and need not make a personal examination as to the qualifications of each applicant for such position.

2. SAME—ELIGIBLE LIST—CONCLUSIVENESS.

Where an applicant for municipal employment has conformed to the requirements of the civil service commission, and has been actually accepted by it and placed upon the eligible list from which appointments are made, the appointing officer cannot excuse himself for failing to give the applicant the preference to which the list entitles him by asserting that the list is not properly made up, or that the applicant has not passed the examination required by law.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 578.]

Appeal from Special Term, Schenectady County.

Action by Benjamin F. Burke against George Holtzmann. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

This action is brought under section 20, c. 370, p. 808, of the Laws of 1899. The plaintiff was a veteran of the Civil War. In January, 1904, he made application to the secretary of the municipal civil service commission of the city of Schenectady to be placed upon the list of eligibles for work as a laborer upon the city streets. The secretary gave him a blank, which he filled out, stating his age, his residence, and other details, and that he was a veteran of the Civil War. The application was indorsed by two citizens and further by Frank Davis, superintendent of streets of said city. His name was thereupon placed second upon the eligible listbook as a laborer. No appointment was given him from that time until August 8th although persons named upon the list who were not veterans were meanwhile employed by the defendant as laborers upon the streets. The action is brought for damages claimed to have been sustained by the plaintiff by reason of the violation of section 20 of the act aforesaid in the defendant's failure to give to the plaintiff the preference in the appointment to which he claims to have been entitled under the statute. Upon the trial the plaintiff's complaint was dismissed, to which ruling exception was taken. From the judgment entered upon this direction of the court, this plaintiff here appeals. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Alvah Fairlee (Marvin H. Strong, of counsel), for appellant.
Daniel Naylon, Jr., for respondent.

SMITH, J. By section 9 of article 5 of the Constitution it is provided that appointments and promotions in the civil service of the state and of all civil divisions thereof shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations. The civil service law (chapter 370, p. 795, of the Laws of 1899) provides for a division of service into unclassified and classified service. Section 11 provides for four classes in the classified service: First, the exempt class; second, the competitive class; third, the noncompetitive class; and, in cities, the fourth, the labor class. By section 17 it is provided that the labor class in cities shall include unskilled laborers, and that vacancies in said class "shall be filled by appointment from lists of applicants registered by the municipal com-

missions. Preference in employment from such lists shall be given according to date of application"; and it is further provided:

"The commissions shall require an applicant for registration for the labor service to furnish such evidence or pass such examination as they may deem proper with respect to his age, residence, physical condition, ability to labor, skill, capacity and experience in the trade or employment for which he applies."

Section 20 provides for a preference to veterans·of the Civil War. It is therein also provided:

, "A refusal to allow the preference provided for in this and the next succeeding section to any honorably discharged soldier, sailor or marine, or a reduction of his compensation intended to bring about his resignation, shall be deemed a misdemeanor, and such honorably discharged soldier, sailor or marine shall have a right.of action therefor in any court of competent jurisdiction for damages and also a remedy by mandamus for righting the wrong."

Pursuant to the authority of the statute, the municipal civil service commission of the city of Schenectady, duly appointed, promulgated certain rules. Among these, rule 20 provides that blank forms for application will be furnished by the municipal civil service commission without charge to all persons requesting the same. Rule 25 provides that applicants for position under the labor class who produce satisfactory evidence of their capacity for labor and their habits as to industry and sobriety shall be registered·in the order of their application, and that the register shall state the name, the age, the residence, the citizenship, the number and relationship of the persons depending for support on the applicant, service in the army or navy in time of war, previous occupation, reference, and such other information as may be required. By section 2 of said rule· it is provided that, whenever the services of employés in the labor class are required, the appointing officer shall· notify the commission, stating the number of men wanted, the kind of labor for which they are wanted, and the time and place of employment, and the commission is required thereupon to send to such officer the names and the residences of the number of men called for. By section 3,·such appointing officer is then required to return to the commission the names of those employed with the date of employment, and provides that, if a less number than those certified shall be so employed, they shall be those standing highest on the register. By section 5 it is required:

"The commission shall require an applicant for registration for the labor service to furnish such evidence as to his fitness, etc., or pass such examination as may be deemed proper by them, not inconsistent with the law."

By section 19 pay rolls must be certified after comparison with the eligible list and a laborer found to be thereupon.

From the statutes and rules above recited ·it will be seen that this defendant in making appointment of laborers upon the streets was required to ask from the municipal civil service commission a list of eligibles. From that list he was required to make appointment according to priority thereupon. It is not very material whether this formal application was made to the civil service commission, or whether the formal list was given to this defendant. He was required

to obtain such before he made any appointments. That the list was before him in making the appointments is evidenced by the fact that no laborer could receive pay until he was certified by the secretary of the commission as being upon this list. This plaintiff's name, then, appearing second upon the list for 1904, the defendant was required to give him employment as a laborer upon the street if there was service to be performed. This he neglected to do until August of that year, while he employed as laborers during that time men upon the list whose names were below the name of this plaintiff, over whom plaintiff was entitled to preference as a veteran.

The defense urged by the defendant in this action, and upon which this complaint has been dismissed, is that this plaintiff was not properly upon the eligible list, as no examination was made as to his fitness for the place and as to his habits of industry and sobriety. The secretary of the commission swore that he was instructed, whether by the commission or its chairman he did not know, to place upon the lists the names of applicants in the order in which the applications were made, where the application was signed by the superintendent of streets; that this indorsement of the application by the superintendent of streets was all the evidence that was required of the qualifications of the applicant for position upon that list. The learned trial judge has held that this indorsement of the superintendent of streets is insufficient, both under the statute and under the rules adopted by the commission to entitle an applicant to be put upon the list; that it amounts to a delegation of power to the superintendent of streets to pass upon the qualifications of an applicant, which power cannot be delegated by the commission. We are not prepared to assent to this interpretation of the statute and of the rules of the commission. The statute in section 9 provides that for employment as laborer in the state service no examination or registration shall be required. Section 10 provides for appointments in the city service. The mayor of each city is required to appoint suitable persons "to prescribe, amend and enforce rules for the classification of the offices, places and employments in the classified service of such city, and for appointments and promotions therein and examinations therefor; and for the registration and selection of laborers for employment therein, not inconsistent with the constitution and the provisions of this act." The reading of this section would seem to indicate that no special examination is required for the labor service. Both the statute and the rules require applicants for registration for the labor service to furnish such evidence or pass such examination as the commission may deem proper as to qualification for such service. Pursuant to rule, the plaintiff made request for a blank application of the civil service commission, and was given one. This application he filled out. He procured the indorsement of two citizens and of the superintendent of streets. He has thereby furnished all the evidence that was required or deemed proper by the commission to entitle him to registration upon the list of eligibles for labor service. We are not prepared to say that under this statute and this rule the civil service commission was unauthorized to accept the indorsement of two citi-

zens and of the superintendent of the streets as sufficient evidence of the qualifications of the applicant. The law will hardly be construed to require civil service commissioners to make personal examination as to the qualifications or habits of sobriety or industry of each individual applicant who asks employment as a teamster or laborer upon the streets. The law will presume, if need be, that sufficient inquiry was made, in addition to the indorsement of the two citizens and of the superintendent of streets, to authorize the acceptance of the applicant as one entitled to a position upon the eligible list upon which he was actually placed.

But whether or not this applicant had passed the examination which the law requires, he had conformed to the requirements of the civil service commission, and had been actually accepted by them and placed upon the list. The defendant himself made appointments from that list, and it does not lie with him now to say that the list was improperly made up to excuse him from conforming to the requirement of the law that he give the preferences which are indicated to him upon the list furnished. That this list is binding upon defendant would seem to be held in People ex rel. Hamilton v. Stratton, 79 App. Div., 149, 80 N. Y. Supp. 269; People ex rel. Beck v. Aldermen, 18 Misc. Rep. 533, 42 N. Y. Supp. 515; People ex rel. Van Petten v. Cobb, 13 App. Div. 56, 43 N. Y. Supp. 120. In the Van Petten Case it was also held:

"The fact that on his examination the commission chose to rely upon the certificate of the applicant's physician, and not upon its own examination, as to his physical condition, has no bearing upon the question."

In People ex rel. Mullen v. Sheffield, 24 App. Div. 217, 48 N. Y. Supp. 798, Judge Ingraham, of the First Department, in writing of this civil service act says:

"Under the civil service law the appointing power is compelled to act upon the report of the board of civil service commissioners as to the rating of those examined by it, and to accept from those certified by the board the persons entitled to the appointments or promotions. * * * It is quite apparent that it would destroy the whole system of competitive examinations if the appointing officer would have a right to go beyond the report of the board and refuse to accept it, on the ground that the eligible list as presented by those upon whom the responsibility rests of determining who should be upon such eligible list had not complied with the provisions of the statute in making up such list."

Moreover, it would hardly be just to this plaintiff to deny him the right given him by the law because of the failure of the commission to exact from him more evidence as to his qualifications. If the civil service commission had refused to put his name upon the list, he might then have required the commission to proceed according to law and make up a list upon which his name should appear. With his name already upon the list, however, no court would listen to a complaint from him that the list was improperly made up. In our judgment, therefore, this plaintiff was entitled to his employment, whether or not the commission adhered strictly to the law in making up the list of those eligible for labor service.

The provision of the statute under which this action was brought was intended to prevent just such discriminations as seem here to

have been made. Those intrusted with appointive power, in service controlled by the civil service law, disregard this law at their peril. With the extent of plaintiff's damages we are not here concerned. If the plaintiff is entitled to any damage, his complaint should not have been dismissed.

The judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.