In re LAZENBY.

(Supreme Court, Appellate Division, Third Department. November 20, 1906.)

1. MUNICIPAL CORPORATIONS—POLICE—COMPENSATION—CERTIFICATE TO PAY ROLL.

　　Under Laws 1899, p. 807, c. 370, § 19, requiring a municipal civil service commission to annex to the pay roll of civil service appointees a certificate that the officer has been appointed in pursuance of law and of the rules made in pursuance of law, a policeman is entitled to the certificate if the police commissioners who appointed him were lawfully authorized to make the appointment, without regard to the question of his eligibility.

2. SAME—APPOINTMENT OF POLICEMAN—VALIDITY.

　　Where an applicant for an appointment as police officer held the certificate of the civil service commissioners that he was entitled to the office, the police board were not entitled to go behind this certificate to determine his eligibility, and its appointment of him gave him title to the office.

Appeal from Special Term.

Application by William L. Lazenby for a peremptory writ of mandamus against the municipal civil service commission of the city of Elmira. From an order granting the application, an appeal is taken. Affirmed.

See 78 N. Y. Supp. 302.

In the month of May, 1900, the respondent, Lazenby, was appointed to the position of roundsman on the police force of the city of Elmira. On June 15, 1902, the position was abolished and Lazenby discharged. The position was re-created about January 30, 1904, on which date a promotion examination for such position was held by the municipal civil service commission of such city, at the request of the police commission. Lazenby took such examination and obtained the highest standing of those who tried, and the municipal civil service commission thereupon certified to the police commission that he was eligible for appointment to the position of roundsman. Lazenby was thereupon, by the police commission, appointed to such position, and held the same until May 18, 1906, when he was suspended from duty by the mayor, for the reason that the civil service commission had refused after May 16th to further certify his pay roll, as required by section 19 of the civil service law. Laws 1899, p. 807, c. 370. Such refusal was placed upon the theory that such board erred when, in January, 1904, they certified to the appointing board that Lazenby was eligible to such office. Respondent thereupon applied to the Supreme Court at Special Term for a peremptory writ of mandamus requiring such commission to so certify such pay roll. The Special Term granted such application, and from the order thereupon entered this appeal is taken.

Argued before PARKER, P. J., and CHESTER, COCHRANE. and KELLOGG, JJ.

John F. Murtaugh, for appellant.
Richard H. Thurston, for respondent.

PARKER, P. J. The certificate which is required to be annexed to the pay roll in order to authorize payment to Lazenby, and to which the mandamus herein refers, is to this effect: That he, Lazenby, "had been appointed in pursuance of law, and of the rules made in pursuance of law." The civil service commission, being now of the opinion that Lazenby was not in fact eligible to the office when he was appointed, and that their certificate to the effect that he was, which they issued to him in January, 1904, was erroneous in that respect, now refuse to certify to his pay roll as above required. They claim that, in their present judgment, such a certificate would be false and erroneous.

It is to be noticed, however, that what the civil service board is now called upon to determine goes only to the appointment of Lazenby. The inquiry is not as to his eligibility for the appointment, but as to whether he is holding the office by an appointment that was made according to law. If such appointment was lawfully made, if the police commissioners which constituted the appointing board were lawfully authorized to make it, then the certificate required to be annexed to the roll would not be erroneous nor untrue. Then there would be no valid reason why the civil service commission should refuse to give it, and the mandamus issued to them by the court below was correctly issued and should be sustained. In January, 1904, when Lazenby applied to the police board for this appointment, he held the certificate of the civil service commissioners that he was eligible to the office. Such appointing board had no power to go back of such certificate. The question of fitness and eligibility it was the duty of the board of civil service commissioners to determine, and the certificate which such board made was controlling upon the appointing power. Where such appointing power, acting upon the information which it thus acquired,

once appointed Lazenby to the office, he acquired good title thereto, and he could be removed only in the manner provided by law.   This proposition is squarely decided in People ex rel. Mullen v. Sheffield, 24 App. Div. 214, 217, 48 N. Y. Supp. 796, 798, where it is said:

"Under the civil service law the appointing power is compelled to act upon the report of the board of civil service commissioners as to the rating of those examined by it, and to accept from those certified by the board the persons entitled to the appointments or promotions.   When such a report is made by the proper board to the appointing officer, and such appointing officer acts upon such report, the appointment then becomes a valid appointment, and the person appointed becomes vested with the office to which he has been appointed."

The same principle is decided by this court in Burke v. Holtzmann, 110 App. Div. 564, 569, 97 N. Y. Supp. 218.

The discussion concerning whether the civil service commission acted judicially in certifying Lazenby as eligible, and whether such board can revise their own decision, is, it seems to me, not appropriate here.   Certainly there is now no proceeding pending in which it can so act, nor in which it is called upon to so act.   I am of the opinion that the order appealed from should be affirmed, with costs.   All concur.