NELSON S. SPENCER, Appellant, *v.* GEORGE J. RYAN, as President of the Board of Education of the City of New York, and Others, Respondents.

First Department, December 9, 1932.

*H. Eliot Kaplan* of counsel [*Albert deRoode* with him on the brief; *H. Eliot Kaplan*, attorney], for the appellant.

*William E. C. Mayer* of counsel [*J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondents.

SHERMAN, J. This is a taxpayer's action under section 28 of the Civil Service Law to restrain the payment of salary to Dr. William H. Walker under an appointment to the position of medical consultant with the board of education in the city of New York in alleged violation of the Civil Service Law and the rules of the municipal civil service commission.

· The challenge here is to the power of the board of education to create that position and to fill it without resort to competitive examination. The fitness of Dr. Walker to discharge properly the duties of that position is not questioned. Indeed it is conceded.

The record in this case discloses that on March 1, 1924, there were established three positions of " medical examiner " for the board of education of the city of New York. On March 19, 1924, the board of education requested the municipal civil service commission to exempt such positions from competitive examination. This local commission approved such exemption " for the first incumbents only." The State Civil Service Commission on April 29, 1924, disapproved the resolution of the municipal commission. The positions, therefore, remained competitive. On May 27, 1925, the municipal commission again approved the exemption of the three positions of medical examiner " for the first incumbents only." But the State Civil Service Commission on June 15, 1925, again disapproved such exemption. Competitive examination for these positions was thereafter had and on July 13, 1927, an eligible list for the position of medical examiner for the board of education was promulgated and the list certified to the board of education on July 20, 1927. No appointment has been made therefrom.

In or about February, 1925, Dr. William H. Walker was appointed a medical examiner of the board of education and served as such, drawing salary of the position until August 1, 1927, when the municipal civil service commission refused to certify the payroll with his name on it. Dr. Walker was continued in the service without pay up to December 31, 1929.

On January 23, 1930, the municipal civil service commission adopted the following resolution:

" Resolved, That Dr. William H. Walker be and he is hereby excepted from examination pursuant to the provisions of Paragraph 11 of Section IX of Rule V, to be employed by the Board of Education as Medical Consultant to perform examinations of members of the teaching staff who may become ill or who may make application for leave of absence, provided, however, that the total compensation shall not exceed $6,500 per annum."

Thereafter a formal agreement was entered into under date of April 23, 1930, between the board of education of the city of New

York and Dr. Walker, whereby the latter agreed to make medical examinations of applicants for excuse of absence and to make other examinations as shall be required, starting with the 1st day in January, 1930, and continuing until such time as such employment may be terminated by the board of education at compensation not exceeding $6,500 per annum, the basis of compensation or rate of compensation to be fixed by the board of education from time to time upon rendition of vouchers for services performed.

Section 15 of the Civil Service Law, so far as applicable, is as follows: " Exemptions from competitive examination. Positions in the competitive class may be filled without examination as follows: * * *

" 2. In case of a vacancy in a position in the competitive class where peculiar and exceptional qualifications of a scientific, professional or educational character are required, and upon satisfactory evidence that for specified reasons competition in such special case is impracticable and that the position can be best filled by the selection of some designated person of high and recognized attainments in such qualities, the State or municipal commission may suspend the provisions of the rule requiring competition in such case, but no such suspension shall be general in its application to such place, and all such cases of suspension shall be reported in the annual reports of such commissions with the reasons for the same."

Paragraph 11 of section IX of rule V of the rules of the municipal civil service commission of the city of New York reads as follows:

" 11. The Commission may exempt from examination any person engaged in private business who. shall render services of a professional, scientific, technical or expert nature of an occasional and exceptional character rendered under an agreement or contract to perform certain specified work, and who is not regularly or continuously employed by The City of New York, and where it appears that the work to be performed is of such a character that no definite estimate can be given as to limit of time or compensation."

To justify the resolution excepting Dr. Walker from examination, it must appear that the services to be rendered are " of an occasional and exceptional character " and that the " limit of time or compensation " are not subject to " definite estimate."

There is nothing in the record to indicate that the services rendered by Dr. Walker as " medical consultant " were any different from those rendered by him as " medical examiner." Dr. Walker's testimony is to the effect that since his appointment as " medical consultant " he has continued to perform the same duties as he had theretofore rendered. The director of examinations for the municipal civil service commission testified that the

examination held in July, 1927, for medical examiner would cover the functions and duties outlined in the agreement with Dr. Walker. The compensation is on a regular monthly salary basis, although the number of cases considered varied, and he has been receiving regular monthly compensation at the annual rate above mentioned.

The service to be rendered was important. Evidence in the record was introduced to show that the board of education in creating the position (whether termed medical examiner or medical consultant) recognized that it should be filled by one possessed of skill, experience and tact. There are upwards of 35,000 teachers and about 1,400 administrative employees and attendants and approximately 1,250,000 pupils in the public schools. There are annually many thousand absences among this army of teachers during the school year with many applications for leave of absence due to physical disabilities and illness of various kinds. Such absentees may make application for refund of salary lost by absence. As much as $1,500,000 in salary is stated to have been so lost in one year, and about $1,250,000 later refunded.

Respondents accordingly contend that the board of education adjudged in good faith and the municipal civil service commission likewise found in good faith that it is impracticable to determine by competitive examinations the relative merit and fitness for this particular position or employment in the department of education. The State Civil Service Commission, however, on two different occasions disapproved the exemption granted by the municipal civil service commission. Rules adopted by the municipal civil service commission for the classification of the city civil service are of no effect until approved by the State Civil Service Commission. (*People ex rel. Barron* v. *Scannell*, 30 Misc. 328; affd., 56 App. Div. 624.)

The board of education did not have full liberty of action in making the appointment. The statute cannot be circumvented by labeling the position with another name, for those who had passed the competitive examination and achieved a place on the certified list were by law entitled to constitute those eligible for appointment. That list could not be disregarded when the incumbent was selected.

The judgment appealed from must be reversed, with costs, and judgment granted in favor of plaintiff, with costs.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.