In the Matter of the Application of SUSAN G. O'MEARA, Appellant, for a Mandamus Order against FELIX CORSCADDEN, as County Treasurer of the County of Albany, New York, and Another, Respondents.*

Third Department, May 8, 1935.

*Morris P. Cohen* [*Borden H. Mills* of counsel], for the appellant.

*Walter L. Collins, County Attorney*, for the respondent Corscadden.

* Affd., 268 N. Y. ——.

RHODES, J. From December 1, 1931, to March 31, 1933, the petitioner illegally occupied the position of secretary to the county veterinarian of Albany county. Her petition sets forth that she is in the competitive class. She was originally temporarily appointed, pending the promulgation of an eligible list from which appointment could be made.

An examination was had and an eligible list was prepared. Petitioner's standing was such that she was not eligible to appointment therefrom. Nevertheless, during the period for which she now claims compensation, she continued in the position, contrary to law and the rules of the Commission, but the Commission has now certified her name upon the payroll as entitled to the salary which she now claims. It is said that the validity of this act of the Commission may not be reviewed in a collateral proceeding, and in support of this contention there are cited the cases of *Chittenden* v. *Wurster* (152 N. Y. 345); *People ex rel. Schau* v. *McWilliams* (185 id. 92); *Matter of Lazenby* v. *Municipal Civil Service Commission* (116 App. Div. 135; affd., 188 N. Y. 588).

Those cases simply held that the action of the officials then under review was within the scope of their authority and that their determination would not be interfered with.

In *Greene* v. *Knox* (175 N. Y. 432) it was established that ordinarily the title to office may not be tried out in a taxpayer's action; that the remedy is by quo warranto. The court said, however, " We quite agree to the proposition that in a taxpayer's action to restrain payment of salaries the court may collaterally consider title to office, but not otherwise." The court was careful to point out that in that case the appointments of the officials there sought to be attacked were regular in form and were made in compliance with every requirement of the letter of the law essential to their validity. The distinction was clearly made between that case and a case where, in making an appointment, there is no pretense of compliance with the law, or where the title to the office depends upon a law which is unconstitutional, citing *Rogers* v. *Common Council of Buffalo* (123 N. Y. 173); *Peck* v. *Belknap* (130 id. 394).

In the two latter cases the invalidity of the title of the office was clearly presented by the records before the court. The judgment restraining payments of salaries were proper because the alleged titles to office were invalid as a matter of law.

In *Greene* v. *Knox* (*supra*) the invalidity of title depended upon facts outside of the record; here the facts establishing illegality are admitted.

The petition discloses the fact of the illegality of her tenure. It recites that a former application by her was denied, in which

she sought to compel the Commission to certify her as being eligible to appointment, and to certify payrolls covering her services for the period in question, and also to compel payment by the county treasurer. The application was denied on the ground that she was not entitled to be certified from the eligible list, and such order of denial was affirmed by this court (*Matter of O'Meara* v. *Rice*, 241 App. Div. 895).

In *Spencer* v. *Ryan* (237 App. Div. 50) the complaint of a taxpayer was sustained wherein he sought to restrain the payment of a salary to a person illegally holding a position as consultant with the Board of Education of the State of New York, in violation of the Civil Service Law and the rules of the Municipal Civil Service Commission.

It is said that in this case the board of supervisors has approved the petitioner's claim for salary.

In *People* v. *Sutherland* (207 N. Y. 22) it was held that the audit of a board of supervisors is not conclusive where it embraces the audit of charges illegal upon their face or clearly prohibited by law.

It is a familiar rule that one seeking mandamus must show a clear legal right thereto. On the record before us it appears that petitioner's occupation of the position after the promulgation of an eligible list was illegal. The illegality thus clearly appearing, the action of the board of supervisors in auditing her claim and the action of the Civil Service Commission in approving her payroll may be inquired into and attacked collaterally.

For the reasons stated, the order denying her application should be affirmed, with costs.

McNAMEE and BLISS, JJ., concur; HILL, P. J., dissents with an opinion, in which HEFFERNAN, J., concurs.

HILL, P. J. (dissenting). Petitioner appeals from the denial of her application for an order of mandamus directed to the county treasurer of Albany county commanding him to pay her salary, and, if there be no money in his hands applicable to the payment, that the board of supervisors be commanded to convene and appropriate or reappropriate the sum due her for services as secretary to the Albany county veterinarian. The application was denied by the Special Term upon the ground that the approval of the payroll by the State Civil Service Commission was illegal. The validity of this act of the Commission may not be reviewed in a collateral proceeding. (*Chittenden* v. *Wurster*, 152 N. Y. 345; *People ex rel. Schau* v. *McWilliams*, 185 id. 92; *Matter of Lazenby* v. *Municipal Civil Service Commission*, 116 App. Div. 135; affd., 188 N. Y. 588.) *Spencer* v. *Ryan* (237 App. Div. 50) is not an authority to the

contrary. That action was brought under section 28 of the Civil Service Law. Before the enactment of this section the legality of the acts of the Commission could not be tested even in a taxpayer's action. (*Greene* v. *Knox*, 175 N. Y. 432.) This is not a taxpayer's action, and the language of the section limits its application to such actions.

The petition herein alleges the Albany county veterinarian was empowered by the board of supervisors to appoint a secretary at a salary of $1,500 per annum and he appointed petitioner temporarily pending the establishment by the Civil Service Commission of an eligible list for the position, her service beginning on October 2, 1930. She received no wages after November 30, 1931, but continued to work to September 11, 1933. During this time the clerk of the board of supervisors certified payrolls aggregating $2,670.82 covering her services. The Civil Service Commission approved and certified them on June 30, 1934. The answer denies none of these facts and specifically admits a paragraph of the petition, " That by reason of the facts aforesaid there is now due, owing, payable and unpaid to the petitioner from the County of Albany the sum of $2,670.82." A peremptory order of mandamus would be proper except that the answer denies the statement in the petition that the moneys appropriated by the board of supervisors for petitioner's salary " have not been paid to any other person." This denial raises an issue making necessary an alternative order under which the issues thus raised may be tried.

The order denying petitioner's application for mandamus should be reversed on the law and facts, with fifty dollars costs and disbursements, and an alternative order of mandamus granted.

HEFFERNAN, J., concurs.

Motion denied. Order affirmed, with costs.