MYRTLE B. LYNCH, Doing Business under the Firm Name and Style of MYRTILES, Respondent, *v.* AMERICAN EAGLE FIRE INSURANCE COMPANY OF NEW YORK, Appellant.

First Department, April 8, 1927.

Insurance — theft insurance — policy on " trunks and samples of merchandise " except while in custody of assured on " carriers or conveyances "— articles stolen not samples — theft of articles from taxicab while in custody of assured — complaint dismissed.

In an action to recover the value of stolen merchandise under a policy of insurance " on trunks and samples of merchandise " except while in the custody of the

assured on " carriers or conveyances," the complaint should be dismissed, since it appears that the articles in question, consisting of linen and lace, were of great value and intended for sale and not for exhibition as representative of a larger number, and, therefore, were not " samples " within the meaning of the policy; moreover, since the articles were taken from a taxicab during plaintiff's absence of about five minutes, and were never in any way intrusted to the custody of the owner of the cab, who was a common carrier, the loss was within the exception in the policy as to liability for theft of property in the custody of the assured on " carriers or conveyances."

Martin, J., dissents, with memorandum.

Appeal by the defendant, American Eagle Fire Insurance Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of May, 1926, upon the verdict of a jury rendered after a trial at the New York Trial Term.

*Louis Cohn*, for the appellant.

*Harris L. Greene* of counsel [*J. M. Cohen* with him on the brief; *Dalbey & Greene*, attorneys], for the respondent.

Proskauer, J.  Plaintiff had judgment in an action to recover the value of stolen merchandise under a policy of insurance " on trunks and samples of merchandise " in the charge or control of the assured or their traveling representatives " while in the custody of any  *  *  *  transportation company,  *  *  *  or while in automobiles," or while " in transit  *  *  *  in the custody of any common carrier," subject to the exception that it did not insure against loss by theft " of property in the custody of the assured or their traveling representatives, in and/or on railroad cars, steamship or other carriers or conveyances."  The plaintiff packed in two suit cases a large number of articles of linen and lace.  They were all articles which she was willing to sell.  The articles were " merchandise for sale."  It is true that she testified that she would order duplicates of these articles if they were sold, but it is evident that the articles were not samples in the sense that they were " a fair representation of the whole " or specimens.  (35 Cyc. 791.)  They were articles, each of great value, intended for sale and not for exhibition as representative of a larger number.  We think that the jury's finding that they were samples is, therefore, against the weight of evidence.

There is a further reason why the plaintiff cannot recover.  She placed the bags containing this merchandise in the body of a taxicab in which she was a passenger, alighted from the taxicab when it reached a certain destination, and upon her return after five minutes the bags had been stolen.  To sustain a recovery she must negative the exception in the policy which frees the insurer from liability

for theft of the property in the custody of the assured on " carriers or conveyances." The taxicab owner was a common carrier. But the bags were not in the custody of the owner or his agent, the driver. They were never in any way intrusted to the care or control of the driver, but merely left in the cab by the plaintiff. They thus remained in her custody.

The judgment appealed from should be reversed on the law and the facts, with costs, and the complaint dismissed, with costs.

Dowling, P. J., Merrell and McAvoy, JJ., concur; Martin, J., dissents.

Martin, J. (dissenting). The policy provided:

." This Policy Insures:

" (1) Against any and all the risks and perils of fire, lightning, navigation, and transportation while in the custody of any railroad, express, transfer and/or transportation company and/or of any steamship or steamboat, and/or against loss or damage by fire or lightning while in any hotel, dwelling and/or business building, or while in automobiles, except as hereinafter provided.

" (2) Against loss by theft of an entire shipping package (excluding all pilferage) in transit as above in the custody of any common carrier or while checked against receipt in any hotel."

It covered not only samples, but dresses or goods in a trunk. If it should be limited to a coverage of samples, the uncontradicted evidence established and the jury found as a fact that samples alone were stolen. ·

The policy of insurance covered loss of such property while in possession of a common carrier. The goods were lost while in the possession of a common carrier. (*Anderson* v. *Fidelity & Casualty Co.*, 228 N. Y. 475.) Although the court sought to limit evidence upon the subject, the taxi driver informed the plaintiff she would be required to pay an additional sum for carrying these goods. On this subject the plaintiff testified as follows: " Q. Did you have any talk with the operator of the taxicab? A. Yes, he said he would have to make a charge— Q. Just a moment, please. Were you apprised that a charge was to be made for those bags? Answer yes or no. A. Yes."

The plaintiff then entered the automobile with the property which was stolen while in the automobile and in the custody of the driver of the taxicab.

The plaintiff upon this evidence was entitled to judgment on the policy. There should be an affirmance.

Judgment reversed, with costs, and complaint dismissed, with costs.