HOFFMAN BROS., INC., Plaintiff, v. COMMERCIAL UNION ASSURANCE COMPANY, LIMITED, OF LONDON, ENGLAND, Defendant.

First Department, June 24, 1927.

Insurance — theft insurance — plaintiff's president engaged man for one day to carry sample cases — said person carried cases from place to place in company with president — late in afternoon said person stole cases and contents — said person was " agent or employee, or servant or director or messenger " within clause exempting defendant from liability for wrongful acts of said persons.

This is an action to recover for the loss of samples of watches and jewelry and is brought under a policy of theft insurance. The defense interposed is that the person who stole the property was an " agent or employee, or servant or director or messenger " of the plaintiff, within the meaning of a clause in the policy which exempted the defendant from liability in case the loss or damage was caused by any of said persons.

The plaintiff cannot recover since it appears that the plaintiff's president, who was soliciting trade, engaged a man for one day to carry the sample cases from place to place and that said person did carry the sample cases in company with the plaintiff's president who was calling on the trade, and late in the afternoon said person stole the cases and their contents. Under the circumstances the person carrying the sample cases was either an " agent or employee, or servant or director or messenger " within the meaning of the exemption clause.

PROSKAUER, J., dissents, with memorandum.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Albert J. Rifkind* of counsel [*Thomas T. Reilley* with him on the brief; *Emil N. Zolla*, attorney], for the plaintiff.

*William Otis Badger* of counsel [*Paul D. Compton* and *Leonard L. Bishop, Jr.*, with him on the brief; *William Otis Badger, Jr.*, attorney], for the defendant.

FINCH, J. The question presented is whether the defendant insurance company is liable under a contract of insurance for a

168  HOFFMAN BROS., INC., *v.* COMMERCIAL UNION ASSUR. CO., LTD.

First Department, June, 1927.                    [Vol. 221]

loss which occurred under the following circumstances: The president of the plaintiff corporation had in his possession two sample cases containing samples of watches, works, etc., which he was using while traveling for the purpose of procuring orders from the trade. At the Hotel Statler in Cleveland, O., he requested a hotel porter to procure for him a person to carry his samples. In compliance with this request, one Lindsay was sent to him. Lindsay it appears was accustomed to hang around the hotel soliciting work of this character. To Lindsay the plaintiff's president gave the two sample cases at about eight-thirty o'clock in the morning and Lindsay carried the cases around in company with plaintiff's president until about five o'clock in the afternoon. At this time the streets were becoming crowded and plaintiff's president instructed Lindsay that if they became separated, Lindsay should proceed to the place of business of one Wolf, giving the address where plaintiff's president would meet him. A separation occurred and Lindsay failed to appear.

It is conceded that the defendant is liable unless the loss falls within an exception of the policy reading as follows:

" This policy covers loss of, and /or damage to the above described property or any part thereof, arising from any cause whatsoever except as hereinafter mentioned, viz.: 1. Loss or damage of, or resulting from theft or other act or omission of a dishonest character (including sabotage) on the part of the assured, or any agent or employee, or servant or director or messenger, or broker, or broker's customer, or customer of the assured, unless such loss arises when the goods are deposited for safe custody by the assured, his, or their servants, or agents, with such broker, or customer or broker's customers.' "

The question raised is whether Lindsay can be said to be within the class comprised by the words " employee," " servant " or " messenger." If he can, then the exception applies and the defendant is not liable. If, on the other hand, Lindsay cannot be held to be a servant or messenger, then the plaintiff may recover.

The attributes of the relationship in the case at bar approach more nearly that of master and servant or messenger than that of any independent calling. In the latter the employer directs the result, but in the case of a servant the employer not only directs what work shall be done but the mode and manner of performance. As was said by the Court of Appeals in *Butler* v. *Townsend* (126 N. Y. 105): " The relation exists where the employer selects the workman, may remove or discharge him for misconduct, and may order not only what work shall be done, but the mode and manner of performance."

In *Schmedes* v. *Deffaa* (153 App. Div. 819) it was said in the dissenting opinion of MILLER, J., upon which the judgment was reversed in 214 New York, 675, where the question was whether the person fell within the class of a servant or that of an independent calling: " To determine whether a given case falls within the one class or the other we must inquire whose is the work being performed, a question which is usually answered by ascertaining who has the power to control and direct the servants in the performance of their work."

And as was said by Thompson in his work on Negligence (§ 39): " The fact the employee was hired not for a definite time, but to perform a particular job, does not, however, of itself negative the relation of master or servant, for under such a contract the employer may well retain full control over him; and it must be constantly borne in mind that the power to control, on the part of the employer, is the essential fact establishing the relation " (*i. e.*, of master and servant).

From the nature of the work here and the manner of doing it, it appears that it was the duty of the master continually to supervise and direct and that of Lindsay continually to obey. The situation which appears from the submission is that of a personal attendant to the employer, carrying the sample cases, placing and opening them as directed and helping to display the wares. The very nature of the employment, namely, as a carrier of samples accompanying the person of the employer, connotes an immediate supervision and control, a personal direction from place to place; in short, a control of Lindsay's every movement in respect to the goods. A common carrier, be he truckman, wagoner, carter or porter, takes the exclusive custody of the goods for a purpose to be accomplished at the direction of the person hiring him, but the manner and method of accomplishment must be left to the carrier. In *Campfield* v. *Lang* (25 Fed. 128) it is said: " The term ' employee ' indicates persons hired to work for wages as the employer may direct, and does not embrace the case of the employment of a person carrying on a distinct trade or calling to perform services independent of the control of the employer." In discussing the cases where a passenger of a common carrier keeps some article of property with him and loses the same, in which case it is held that the carrier was not liable as a common carrier as to such property, Hutchinson, in his work on Carriers (Vol. 1 [3d ed.], § 105, .p. 102) says: " The duties and obligations of the common carrier with respect to the goods commence with their delivery to him; and this delivery must be complete, so as to put upon him the exclusive duty of seeing to their safety. The law

will not divide the duty or the obligation between the carrier and the owner of the goods." In considering the language of the exception, regard must be had also to the use of the word " messenger," which further shows the kind of employment that the servant might be directed to perform.

It follows that judgment should be rendered in favor of the defendant in accordance with the terms of the submission.

MERRELL, McAVOY and MARTIN, JJ., concur; PROSKAUER, J., dissents.

PROSKAUER, J. (dissenting). A public porter hired to carry a bag from one place to another is in my opinion neither an " agent or employee, or servant or director or messenger." Those words as used in this policy seem to me to import continuous employment or service and to have no application to one who was an independent contractor in the nature of a common carrier.

For these reasons I dissent.

Judgment directed in favor of defendant in accordance with the terms of the submission. Settle order on notice.