### EAGLE & STAR BRITISH DOMINIONS INS. CO., Limited, v. SCHLIFF et al.

Circuit Court of Appeals, Second Circuit.
March 12, 1928.

No. 145.

**I. Insurance ⬳424—Jeweler's policy, requiring sendings of jewels not personally carried to be by registered post, held not to cover loss during transportation by baggage truck.**

All-risks jewelers' block policy, insuring jewels at any place, but requiring sendings of property insured, in so far as they were not personally carried, to be by registered post, *held* not to cover loss resulting while being transferred in traveling salesman's trunk to railroad station by baggage truck.

**2. Statutes ⬳228—Proviso does not operate beyond express exceptions carved out of general enactment.**

In the construction of statutes, a proviso does not operate beyond express exceptions, which it carves out of general enactment.

**3. Insurance ⬳146(1)—Inapplicable proviso of jeweler's policy cannot be resorted to for purpose of making doubtful unambiguous clause to which it was appended.**

Inapplicable proviso of all-risks jewelers' block policy cannot be resorted to, for purpose of making doubtful otherwise unambiguous clause to which it was appended to provide an exception.

**4. Insurance ⬳424—Baggage truck driver, transporting trunk containing diamonds to depot, held not personally carrying diamonds, within requirement of insurance policy; "personally carried."**

Baggage truck driver, to whom trunk containing diamonds was delivered for transportation to railroad depot, *held* not to have been "personally carrying" diamonds, within meaning of insurance policy requiring sendings of property insured, in so far as not personally carried, to be by registered post; "personally carried" meaning carried by insured or some servant or agent in his employ.

**5. Insurance ⬳424—Neglect of insured's agent to personally carry jewels as required by policy avoided policy, without regard to insured's personal blame.**

Where all-risks jewelers' block policy required jewels not sent by registered post to be personally carried, neglect of insured's agent to carry goods personally avoided the policy, since insurer, in imposing conditions on his risk, excepts all others, and fact that assured is not personally to blame for nonperformance of conditions by his agent is of no avail.

**6. Insurance ⬳424—Requirement of jeweler's policy for personal carriage of jewels not forwarded by registered post held applicable to forwarding within city.**

Requirement of all-risks jewelers' block policy that jewels not forwarded by registered post should be personally carried *held* applicable to forwarding from one point to another in the same city; substitution of carriage by common carrier for personal carriage or registered mail changing risk, whether carriage was for long or short haul.

In Error to the District Court of the United States for the Southern District of New York.

Action by Jacob Schliff and another, copartners doing business under the firm name and style of Schliff Bros., against the Eagle & Star British Dominions Insurance Company, Limited. Judgment for plaintiffs, and defendant brings error. Reversed.

This is an action upon an insurance policy to recover for the loss of unset diamonds. It was brought in the state court and removed to the District Court by defendant, a British corporation. Plaintiffs are diamond dealers with an office in New York City. They employed one Strauss, who resided in Chicago, as their traveling salesman. After reaching Chicago, and remaining there several days selling his merchandise, Strauss prepared to proceed to Louisville, on Sunday, May 10, 1925. On the preceding Saturday afternoon he took the diamonds from a safety deposit vault, where he had deposited them for safekeeping, carried them to his home, and put them with his clothing into his trunk. On Sunday morning he delivered this trunk to the driver of a truck belonging to Parmelee Transfer Company, who called at his house pursuant to instructions previously given by Strauss. The trunk was to be carried to the Union Station, where Strauss intended to exchange the claim check received from the Parmelee truckman for a railway baggage check to Louisville. The trunk never reached the Union Station. When the truckman stopped at another house, and went within to get a trunk, three men drove up in another vehicle, removed Strauss' trunk from the Parmelee truck, and disappeared with it. So plaintiffs' diamonds were lost. Upon the jury's verdict, judgment for some $36,000 was entered for the plaintiffs.

Solomon J. Rosenblum, of New York City (Charles G. F. Wahle, of New York City, of counsel), for plaintiff in error.

Hirsh, Newman & Reass, of New York City (Benj. Reass, Hugo Hirsh, Emanuel Newman, and Leonard F. Manheim, all of New York City, of counsel), for defendants in error.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). [1] The most important question, and the one which disposes of the case in the view we take of it, is whether the policy covered this loss. This involves the construction of its language. The policy is entitled " 'All-Risks Jewelers' Block Policy." Its provisions, so far as now material, are the following:

"The property insured is * * * precious stones * * * while the same are (save as hereinafter provided) in or upon any premises or place whatsoever, or being carried or in transit by land or water anywhere in Holland, Belgium, and the United States of America.

"Sendings of property insured under this policy, in so far as the same are not personally carried, must be forwarded by registered post.

"Provided always that where, owing to postal regulations or laws of the country from which the property is being forwarded, such goods are prohibited from being dispatched by registered post, the same may be forwarded by parcel post or through a public forwarding office, providing that a declaration is made at the time of dispatch of 5 per cent. of the value of the goods, not exceeding a declaration of francs 10,000."

The first paragraph above quoted declares that the risk shall cover property of the specified description in any premises or place, or being carried or in transit, anywhere within the geographical limits stated. It thus distinguishes between goods "in any premises or place" and those "being carried or in transit." The paragraph beginning "Sendings" clearly refers back to the prior statement with respect to property being carried or in transit, and limits the generality of that statement. "Sendings of the property insured," if it is not personally carried, "must be forwarded by registered post." If we stop with these two paragraphs, and omit the proviso, it seems to us perfectly clear that the policy contemplates that insured property, while being carried or in transit, must be personally carried, or must be forwarded by registered mail. The property is of a character best adapted to these types of transportation, being small in

24 F.(2d)—50

size, light in weight, and of great value. Personal carriage, which in practice means carrying by the insured's employees, or sending by registered post, may well have been supposed to involve less risk of loss. In any event, up to this point the language of the policy limits the risk of property being carried or in transit to sendings by messenger or registered post.

[2, 3] The language of the proviso, about which most of the argument has revolved, creates some doubt as to its applicability to any transportation, except one originating in Belgium, the only one of the named countries where a declaration of value in terms of francs would be possible. It is also argued that the words "the country from which the property is being forwarded" limit the proviso to international shipments. But, even if the proviso be assumed to be so limited, the "sendings" clause ought not to be correspondingly limited. In the construction of statutes, a proviso does not operate beyond the express exceptions which it carves out of the general enactment. United States v. Dickson, 15 Pet. 141, 10 L. Ed. 689. We think this general rule of interpretation is equally applicable to other written documents, and that the proviso in question cannot be resorted to for the purpose of making doubtful the otherwise unambiguous clause to which it is appended to provide an exception. The general statement of risk covers property being carried or in transit within any one of the three countries. The "sendings" paragraph limits the risk while it is being carried or in transit to personal carriage and forwarding by registered mail, two methods thought to be of exceptional security. The limitation is as important in carriage or transit within the boundaries of each of the three countries as across the boundary of Belgium. The proviso allows as an exception to the general limitation an alternative method of forwarding upon the conditions stated therein. If the conditions cannot be complied with, or if the proviso is limited to international shipments, then that alternative is not open to the insured in sendings within the United States. But to say that, because the alternative offered by the proviso is not applicable here, the limitation of the main clause is entirely done away with, would be most unreasonable.

[4] It remains to consider whether the diamonds were being "personally carried" at the time of the loss. This means carried by the insured, or some servant or agent in his employ. It is clear from the proviso that property delivered to a public forwarding

office is not deemed to be personally carried. The insured's argument that the Parmelee driver was personally carrying the diamonds, within the meaning of the policy, is too fantastic to require more than mention. See Hoffman Bros. v. Commercial Union Assurance Co., 221 App. Div. 167, 222 N. Y. S. 641; Lynch v. Am. Eagle Fire Ins. Co., 220 App. Div. 196, 221 N. Y. S. 4.

[5] A second and more substantial argument is that, since personal carriage by Strauss was covered, no matter what his negligence, or even if he stole the goods, his neglect to carry personally, or to send them by registered post, was part of the insured risk. To this, however, we cannot accede. When an insurer imposes conditions on his risk, he excepts all others. It is no answer to say that the assured is not personally to blame for nonperformance of the conditions by his agent. Liverpool & London Ins. Co. v. Gunther, 116 U. S. 113, 128, 129, 6 S. Ct. 306, 29 L. Ed. 575; Id., 134 U. S. 110, 10 S. Ct. 448, 33 L. Ed. 857. See, also, Whealton Packing Co. v. Ætna Ins. Co., 185 F. 108, 34 L. R. A. (N. S.) 563 (C. C. A. 4); Shamrock Towing Co. v. Am. Ins. Co., 9 F. (2d) 57 (C. C. A. 2).

In the Gunther Case the kerosene which caused the fire was brought upon the premises by a tenant without authority of the insured, but it was held none the less a breach of condition which prevented recovery. A servant is more nearly identified with his principal in such a case than is a tenant. Strauss was the servant of the insured, with complete control over their diamonds. His default, if he was instructed to carry them on his person, was still chargeable to his principals; it was within the scope of his authority. The insurer refused to insure any carriage or transit, except personal or by registered post (the proviso not applying), and cannot be held for risks not included in his contract.

[6] Finally it is urged that the sendings clause has no application to a forwarding from one point to another in the same city. We see no reason why it should be so narrowed. The policy covered the risk of personal carriage or registered mail. If carriage by a common carrier was substituted, the risk was different. Whether it was greater or less does not matter; it was different. And this is true, whether the carriage is for a long or short haul.

We were informed that this is a new form of policy, of which there has been no previous judicial construction. Construing it as we do, it was error to overrule the defend-

ant's motion to dismiss the complaint, and the judgment must be reversed. It is so ordered.