In the Matter of the Application of SOLOMON TUREL and Others, Petitioners, in Behalf of Themselves and Others Similarly Situated, for an Order against JOHN J. DELANEY, FRANK X. SULLIVAN, Members of the Board of Transportation, and PAUL KERN, President, FERDINAND Q. MORTON and WALLACE S. SAYRE, Members Together Constituting the Municipal Civil Service Commission of the City of New York, JOSEPH D. McGOLDRICK, Comptroller of the City of New York, and the CITY OF NEW YORK, Respondents.

Supreme Court, New York County, August 7, 1939.

*Albert B. Breslow*, for the petitioners.

*Ralph R. Munroe*, for respondent Board of Transportation.

BERNSTEIN, J. This is an application made by the petitioners in behalf of themselves and others similarly situated for an order under article 78 of the Civil Practice Act directing the board of transportation to cancel and discontinue the employment of physicians on a contract basis and to appoint their successors from civil service eligible lists, directing the comptroller of the city of New York to refuse payment to any physician not so appointed, and directing the municipal civil service commission to certify such eligible list to the board of transportation to enable it to make its appointments accordingly.

It is charged in the petition that the board of transportation has a medical division wherein it employs a number of physicians to treat and care for its injured employees, that these physicians are employed under certain written contracts without certification from any civil service list, that the municipal civil service commission has an eligible list for the positions of " Police Surgeon, Medical Officer Fire Department, and Medical Examiner Department of Sanitation," from which civil service appointments may appropriately be made by the board, and that the petitioners are on that list awaiting certification and appointment. This method of employing those physicians, it is further charged, constitutes a circumvention and avoidance of the mandate of the State Constitution (Art. 5, § 6) and violates both its letter and its spirit.

The board of transportation does not deny that it has a contract with Dr. John J. Moorhead for the rendition by him of medical and surgical care and treatment of its employees, but contends that such contract does not establish him as an employee but as an independent contractor, that it had full statutory power to enter into such a contract, that it was entered into in good faith and without any intent of avoiding or evading the civil service laws, and that its action was the result only of the exercise of a sound judgment and discretion.

Under section 30 of the Rapid Transit Act (Laws of 1891, chap. 4, as amd.) and section 134½ of the Public Service Law, the board

is authorized to maintain and operate rapid transit railroads on behalf of the city, to establish and specify the duties and regulations which are to govern the work and conduct of employees in its operating division, to purchase necessary materials and supplies for such operation and maintenance, and generally to exercise all requisite and necessary authority to manage and direct the operation and maintenance of its railroads for the safety and convenience of the public. Since its existence it has exercised all of its powers broadly and without interference from the city, and has been sustained therein against challenge in our courts. (*Matter of Colbert* v. *Delaney*, 249 App. Div. 209; affd., 273 N. Y. 626.)

The history of the contract under attack dates back to 1932, when the board completed the first sections of the Independent Subway System and placed them in revenue operation. It found itself confronted with the necessity of complying with the general provisions of the Workmen's Compensation Law (§ 13), which required it to provide medical and surgical service and hospitalization for its injured employees. To achieve this end it was called upon to consider the advisability of either employing a medical staff of its own, under its own immediate direction and control, or contracting with a qualified physician for the rendition of such services by himself and a staff selected by and answerable to him. It is in evidence that the latter method was adopted by the board after careful and mature deliberation and as a result of its firm conviction that its employees would be better cared for by that method. Its choice of Dr. Moorhead for these services was influenced by the fact that he was peculiarly well equipped for the treatment of traumatic cases and had similar contracts with other railroads. The first contract between the board and Dr. Moorhead was for a year from August 30, 1932, and it has been renewed yearly since that time, with apparently satisfactory results to both the board and its employees. In all of this there is not a scintilla of evidence, direct or inferential, that the contract method adopted by the board in 1932 and continued from year to year, was intended to be or was in fact a circumvention of the provisions of the Constitution or the statutes. On the contrary, it appears to have been adopted by the board under powers conferred on it by the statute of its creation and in the exercise of a deliberate judgment.

A reading of the contract makes it clear that the relationship of the parties created thereunder is not that of master and servant. Under its terms, Dr. Moorhead is charged with full responsibility for the treatment and care of the board's injured employees, for the selection of consultants, and for the employment, direction

and assignment to duty of assistant physicians and surgeons and of nurses. He guarantees to save the city harmless from all claims, demands and suits which may be asserted either against the city or the board by reason of the treatment and care of its injured employees, and to reimburse the city for any loss or damage that it might sustain under such suits. He is not even confined to the exclusive treatment of the board's employees, but is permitted to continue his private practice. Under this arrangement, it is evident that the power to control and direct Dr. Moorhead and his staff is not lodged in the board, but that Dr. Moorhead is, as to the work provided for in the contract, an independent contractor. (*Standard Oil Co.* v. *Anderson*, 212 U. S. 215; *Hoffman Bros.* v. *Commercial Union Assur. Co.*, 221 App. Div. 167.)

The case of *Spencer* v. *Ryan* (237 App. Div. 50) is inapplicable to the situation here. The challenge there was to the power of the board of education to create a new position and to fill it without resort to competitive examination. In this case the petitioners seek to compel the creation of positions where none exist or are provided for. Moreover, the court in that case on the facts found the action of the board to be a flagrant circumvention of the civil service laws.

In the instant case, the furnishing of medical treatment to the board's injured employees through an independent agency rather than through its own selected employees was an exercise by the board of a judgment and discretion which cannot be said to have been either arbitrary, capricious or unreasonable. (*Matter of Spanhake* v. *Teachers' Retirement Board*, 224 App. Div. 75; affd., 249 N. Y. 605.) That judgment and discretion may not be disturbed by the court.

Application denied and petition dismissed.